NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 14 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JULIA MIRIAN DE LAS CASAS
CHIRINOS,

No. 25-3259

Agency No.
A241-506-252

Petitioner,

v.

MEMORANDUM[*]

TODD BLANCHE, Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 10, 2026[**]
Reno, Nevada

Before: OWENS, FORREST, and VANDYKE, Circuit Judges.

Julia De Las Casas Chirinos and her minor daughter, natives and citizens of

Peru, petition for review of the Board of Immigration Appeals' (BIA) decision

dismissing their appeal from an immigration judge's decision denying asylum,

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture (CAT). "We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Legal questions are reviewed de novo. *Manzano v. Garland*, 104 F.4th 1202, 1206 (9th Cir. 2024) (citation omitted). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

1. Substantial evidence supports the agency's conclusion that Chirinos did not suffer past persecution. *See* 8 C.F.R. § 1208.13(b). To establish past persecution, applicants must satisfy the "nexus" requirement by demonstrating, among other things, that their persecution was "on account of" at least one protected ground, such as membership in a particular social group. *Id*. § 1208.13(b)(1); *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016).

Here, the agency reasonably concluded that Chirinos had not provided any evidence that her aunt or cousin abused her due to her membership in her proposed particular social groups.[1] *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992) (holding that petitioners must provide "*some* evidence" that persecution occurred because of a protected ground) (emphasis in original). Instead, the

---

[1] Chirinos's proposed particular social groups were: Peruvian females generally, as well as Peruvian females unable to obtain protection from domestic violence, unable to obtain protection from sexual abuse as minors, or who have information that may be reported to authorities and used against sexual predators.

agency reasonably concluded that Chirinos's harm stemmed from her abusers' indiscriminate violence. Chirinos testified that her aunt had an "explosive character" and was abusive "toward everyone," including men and women. Moreover, Carlos sexually abused a non-Peruvian male.

2. Substantial evidence also supports the agency's determination that Chirinos failed to establish an objectively reasonable fear of future persecution. Absent a finding of past persecution, an applicant may still qualify for asylum if she can establish a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2)(i). To do so, the applicant must demonstrate, among other things, that her fear is "objectively reasonable." *See Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021) (citation omitted).

Chirinos last experienced her aunt's and Carlos's abuse many decades ago. *See Sharma v. Garland*, 9 F.4th 1052, 1065–66 (9th Cir. 2021) (finding that the passage of decades since the petitioner was last harmed weakens the objective reasonableness of his fear). And substantial evidence supports the agency's finding that Chirinos's aunt and Carlos both lack a continuing interest in her. The record demonstrates that Chirinos encountered her aunt and Carlos multiple times without incident after moving out of her aunt's home, and her family still in Peru have remained unharmed. *See Gonzalez-Lara v. Garland*, 104 F.4th 1109, 1116 (9th Cir. 2024) (explaining that the petitioner's residence in her native country

3                                                                    25-3259

without harm and the ongoing safety of family members there undermine a reasonable fear of future persecution).

3. We decline to address Chirinos's challenge to the IJ's denial of withholding of removal and CAT protection, as it has not been administratively exhausted. A noncitizen must "exhaust[] all administrative remedies" before a court may review a final order of removal. 8 U.S.C. § 1252(d)(1). Moreover, a petitioner will be deemed to have exhausted "only those issues he raised and argued in his brief before the BIA." *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc).

Here, Chirinos did not challenge the IJ's denial of withholding of removal and CAT protection in her appeal to the BIA. The BIA thus properly determined any challenge to those denials waived. Accordingly, this court declines to reach Chirinos's challenges because they are unexhausted. *Guevara-Serrano v. Bondi*, 164 F.4th 1133, 1137 (9th Cir. 2026).

**PETITON DENIED**.